UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEMETRIUS SLOAN,

    Plaintiff,

    v.

    Case No. 3:25-CV-00886-CCB-SJF

HAMMOND DUAL HOTELS LLC, et al.,

    Defendants.

## OPINION AND ORDER

On October 23, 2025, Demetrius Sloan, proceeding *pro se*, filed a complaint (ECF 1) alleging discrimination, defamation, and retaliation claims against the Defendants. (ECF 1 at 2–3). Along with the complaint, Sloan filed a motion for leave to proceed *in forma pauperis* (ECF 2).

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such fees . . . ." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted).

When deciding whether to grant *in forma pauperis* status to a plaintiff, the Court must first determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

defendant. 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

"Although [pro se] litigants . . . benefit from various procedural protections," including liberal construction of pleadings, t they "are not entitled to [exemption] from the rules of procedure . . . ." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Fed. R. Civ. P. 8(a)(2) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint must also contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). A basis for the Court's jurisdiction "must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006) (quotations omitted). Federal district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States"—and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

## BACKGROUND

Sloan's complaint includes an administrative decision from the Indiana Department of Workforce Development's Review Board ("Review Board"). (ECF 1-1).

2

The Court treats this exhibit as "part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Williamson v. Curran*, 675 F.3d 432, 436 (7th Cir. 2013). According to its findings of fact, Sloan worked for his employer Hammond Dual Hotel LLC from August 2024 to February 25, 2025, first as a contractor and then as an employee starting September 23, 2024. (ECF 1-1 at 1). Sloan states that he never received a criminal background check when he was hired, and the Defendants never informed him of a policy mandating background checks. (ECF 1 at 2). Sloan alleges that his employer terminated his employment after conducting a background check in February 2025, which disclosed that he was listed on the national sex offender registry. (ECF 1-1 at 1; ECF 1 at 2). Sloan also alleges that he did not misrepresent his criminal history to the employer and had worked seven months without any complaints or performance issues. (ECF 1 at 2).

Sloan states that shortly after Defendant Hammond Dual Hotels LLC terminated his employment, the Indiana Department of Workforce Development granted him unemployment benefits for approximately four months. (*Id.*) His employer appealed to the Review Board on August 11, 2025. (ECF 1-1 at 1). An Administrative Law Judge of the Review Board conducted a hearing on October 15, 2025, and found that Sloan's employer terminated his employment without just cause under Indiana Code § 22-4-15-1 and he was thus eligible for unemployment benefits. (*Id.* at 4). Sloan asserts that during the hearing, his employer retaliated against him by making several false statements, including an allegation that he was arrested during his employment. (ECF 1 at 2). Sloan pleads federal question and supplemental jurisdiction over his claims. (*Id.* at

3

1). As discussed below, the Court denies Sloan's motion to proceed *in forma pauperis* because his complaint does not establish this Court's subject matter jurisdiction. Without a valid federal claim, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331 and it cannot exercise supplemental jurisdiction over Sloan's remaining state-law claims. *See* 28 U.S.C. § 1367(a).

## DISCUSSION

### A. Title VII Discrimination and Retaliation Claims

Sloan first alleges that the Defendants violated Title VII by (1) discriminating against him "based on race and disparate impact through selective criminal history screening," and (2) retaliating against him by filing an appeal with the Review Board. (ECF 1 at 2–3). But "Title VII does not authorize the filing of suit until the plaintiff has exhausted his administrative remedies." *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003) (citations omitted). Sloan failed to attach the documents to his complaint that Title VII requires. *See* 42 U.S.C. § 2000e-5(f)(1). To bring his Title VII claims to this Court, Sloan must exhaust his administrative remedies by filing charges with the Equal Employment Opportunity Commission ("EEOC") and receiving a right-to-sue letter. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). Without administrative exhaustion, this Court lacks subject matter jurisdiction over this claim.

### B. Indiana Civil Rights Law Claim

Sloan also alleges that the Defendants violated Indiana's civil rights laws by terminating him without just cause and applying policies unfairly. (ECF 1 at 3). But this

4

claim does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It arises under Indiana law. *See* Ind. Code § 22-9-1-6. For the Court to exercise jurisdiction over this claim, it must either be supplemental to a federal claim or based upon diversity jurisdiction. *See* 28 U.S.C. §§ 1332; 1367(a). The Court lacks subject matter jurisdiction over this claim because Sloan's complaint fails to plead federal question or diversity jurisdiction.

### C. Defamation Claim

Sloan alleges that during his unemployment insurance hearing, the Defendants defamed him by "ma[king] multiple false statements, including a fabricated claim that [he] had been arrested while employed." (ECF 1 at 2). This state-law defamation claim does not present a federal question, but federal courts can exercise jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To satisfy diversity jurisdiction, though, there must be complete diversity between the parties, meaning the plaintiff must be a citizen of a different state than all the defendants. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992)). While Sloan alleges that Defendant Ascent Hospitality Management is based in Georgia and the amount in controversy exceeds $75,000, he also alleges that both he and Hammond Dual Hotels LLC are citizens of Indiana. (ECF 1 at 1, 3). Therefore, the Court lacks diversity or supplemental jurisdiction over his defamation claims and Sloan fails to state a claim against the Defendants.

## CONCLUSION

For these reasons, Sloan's motion to proceed *in forma pauperis* is **DENIED**. The Court affords Sloan leave to amend his complaint to become compliant with the federal rules and refile a motion to proceed *in forma pauperis* by **April 24, 2026**. The Court also **CAUTIONS** Sloan that failure to comply with this deadline, plead federal jurisdiction, pay the filing fee or file for *in forma pauperis* status, or file a rule-compliant complaint will result in the dismissal of his case without further notice because his current complaint does not state a claim.

SO ORDERED on March 24, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

6